**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

JAMES TIMOTHY SAMPLES,

                Plaintiff,

v.                                  CIVIL ACTION NO.  2:13-cv-11638

DAVID BALLARD,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

On May 17, 2013 the Clerk's Office received Petitioner James Timothy Samples' ("Petitioner") pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("petition"). (ECF 2.)  This action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a disposition ("PF&R").  (ECF 3.)  On January 21, 2014, Magistrate Judge Tinsley submitted a PF&R concerning Respondent David Ballard's ("Respondent") motion to dismiss for failure to exhaust state court remedies[1] (ECF 9), Petitioner's motion to expand the record (ECF 6), and Petitioner's motion for partial summary judgment (ECF 12).  On February 4, 2014, Petitioner filed timely objections to the PF&R.  (ECF 11.)

---

[1] As the PF&R observes, this motion appears to have been mistakenly entitled "Motion for Summary Judgment." The PF&R treated the motion as a motion to dismiss for failure to exhaust state court remedies.  (ECF 15 at 1 n.1.) The Court concurs with that characterization, and further notes that Respondent has not objected to the PF&R's treatment of his motion.

## I.    BACKGROUND

On January 16, 1998, Petitioner was convicted upon a jury verdict of felony murder in the first degree in the commission of aggravated robbery and burglary.  (ECF 9-2 at 3.) Thereafter, the trial court sentenced Petitioner to life in prison with no recommendation of mercy.  (ECF 9-3 at 2.)

The complete factual and procedural history of Petitioner's direct appeal and various collateral appeals in the state courts, as well as a detailed review of Petitioner's claims in his federal habeas petition, are set forth in detail in the PF&R and need not be repeated here.

The PF&R recommends that this Court find that Petitioner failed to exhaust state remedies with respect to a number of the claims that he seeks to raise in his petition and add in his "motion to expand the record."  (ECF 15 at 26−27.)  The PF&R further proposes that Petitioner has not demonstrated good cause for his failure to first present these unexhausted claims in the state courts and that, therefore, a stay-and-abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), is not appropriate in this matter.  (ECF 15 at 23−26.)  Accordingly, the PF&R recommends that this Court grant Respondent's motion, deny Petitioner's motion to expand the record, and dismiss Petitioner's petition without prejudice pending exhaustion of his state court remedies.  (ECF 15 at 26−27.)  Following this recommendation, the PF&R also recommends that Petitioner's motion for partial summary judgment is premature and should be denied without prejudice.  (ECF 15 at 26.)

## II.    STANDARD OF REVIEW

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  However, the Court is not required to review, under a de novo or any other

standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a petitioner "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In reviewing those portions of the PF&R to which Petitioner has objected, this Court will consider the fact that Plaintiff is acting pro se, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## III.    DISCUSSION

Initially, the Court observes that Petitioner's pro se filing detailing his objections to the PF&R principally recites facts and legal standards while noting that he "specifically objects" to certain findings. To the extent that the Court has been able to discern specific arguments or assertions of error beyond such general and conclusory "specific objections," the Court has endeavored to afford Petitioner's arguments liberal construction.

### A. Exhaustion Objections

Petitioner objects to the PF&R's recommendation that some of the claims that he seeks to raise in his petition are unexhausted. The Court considers each of Petitioner's objections in turn.

### 1. Legal Standard

The requirements for exhausting state court remedies prior to bringing a federal habeas petition have been thoroughly stated by the Northern District of West Virginia:

> A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. *See* 28 U.S.C. § 2254(b). Absent a valid excuse, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state

remedies. *Castille v. Peoples,* 489 U.S. 346, 349, *reh'g denied,* 490 U.S. 1076 (1989). To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. *Matthews v. Evatt,* 105 F.3d 907 (4th Cir. 1997), *cert. denied,* 522 U.S. 833 (1997). "A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." *Id.* at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin v. Reese,* 541 U .S. 27, 32 (2004); *see also Howell v. Mississippi,* 543 U.S. 440, 444 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. *See Moore v. Kirby,* 879 F.Supp. 592, 593 (S.D. W. Va. 1995); *see also Bayerle v. Godwin,* 825 F.Supp. 113, 114 (N.D. W. Va. 1993). A federal court may only consider those issues the petitioner presented to state court, and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In addition, it is petitioner's burden to demonstrate that he has exhausted his state judicial remedies. *Breard v. Pruett,* 134 F.3d 615, 619 (4th Cir. 1998), *cert. denied,* 523 U.S. 371 (1998). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." *Id.* "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Duncan v. Henry,* 513 U.S. 364, 365 (1995). Further, in addition to providing the state court with the facts supporting the claimed constitutional violation, the petitioner must also "explain how those alleged events establish a violation of his constitutional rights." *Mallory v. Smith,* 27 F.3d 991, 994 (4th Cir. 1994). Finally, a petitioner must show that the claims he raised in

the state proceedings are the exact same claims he is raising in a federal habeas petition. *See Pitchess v. Davis,* 421 U.S. 482, 487 (1975); *see also Picard v. O'Connor,* 404 U.S. 270, 275–76 (1971). "It is not enough that all the facts necessary to support the federal claims were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless,* 459 U.S. 4, 6 (1982) (internal citations omitted). Not only must the claim itself be the same, but the same factual grounds must be raised in support of the claims in state court as in federal court, and a specific federal constitutional claim must be raised in the state proceedings. *Id.*

*Demere v. Ballard*, 2:09CV83, 2013 WL 5352950, *2–3 (N.D. W. Va. Sept. 24, 2013) (Bailey, J.).

### 2. *Ground Two Sub-parts (D) through (H)*

Petitioner objects to the PF&R's conclusion that Petitioner's claims contained in Ground Two sub-parts (D) through (H) are not exhausted, and are, in fact, procedurally defaulted due to having been abandoned or waived. (ECF 16.)

These subparts, which are detailed in the PF&R, allege various claims of ineffective assistance of trial counsel and a claim of "prosecutorial overmatch" at trial. (ECF 2 at 8.) Petitioner does not appear to contest the magistrate judge's finding (ECF 16 at 4–5), but rather argues that he "simply could not persuade [post-conviction counsel] to present [these claims] to the Court" and that post-conviction counsel "declined to explicate [these] meritorious claims." (ECF 16 at 5–6.) Petitioner argues that pursuant to *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), the Court should excuse petitioner's failure to present these claims to the state courts because of the ineffective assistance of post-conviction counsel.

In *Martinez*, the Supreme Court held that a federal habeas court can find cause to excuse a procedural default where:

(1) the claim of 'ineffective assistance of trial counsel' was a 'substantial' claim; (2) the 'cause' consisted of there being 'no counsel' or only 'ineffective' counsel during the state collateral

> review proceeding; (3) the state collateral review proceeding was the 'initial' review proceeding in respect to the 'ineffective-assistance-of-trial-counsel claim'; and (4) state law *requires* that an 'ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding.'

*Trevino v. Thaler*, 133 S.Ct. 1911, 1918 (2013) (quoting *Martinez,* 132 S.Ct. at 1318).[2]  *See also Gray v. Pearson*, 526 F. App'x 331, 333 (4th Cir. 2013) (discussing holding of *Martinez*).

Petitioner *may* be able to state a claim pursuant to *Martinez*, but such claim must be brought pursuant to a properly filed habeas petition in federal court.  As discussed below, because other claims Plaintiff seeks to bring in his current petition and motion to expand the record are not exhausted, his instant petition must be dismissed.[3]

Accordingly, the Court **OVERRULES** Petitioner's objection and **ADOPTS** the finding and recommendation of the PF&R as to Ground Two.  As the Magistrate Judge noted, and as discussed below, to the extent that Petitioner chooses to pursue this argument, he should address the *Martinez* requirements in his new federal habeas petition, filed after the exhaustion of his state remedies.

### 3.  Ground Four—Eighth Amendment Claim

Next, Petitioner objects to the PF&R's conclusion that he failed to exhaust state remedies with respect to the Eighth Amendment argument contained in Ground 4.  (ECF 15 at 18−19.)

---

[2] As the Fourth Circuit has explained, "[i]n *Trevino,* the Supreme Court elaborated on and expanded the *Martinez* exception, explaining that it is applicable not only in circumstances where a state requires a defendant to initially raise an ineffective-assistance-of-trial-counsel claim in a state collateral proceeding, but also when a state, as the Court found was the case in Texas, maintains a procedural regime that amounts to such a requirement, i.e., when it is 'virtually impossible' for an ineffective assistance claim to be raised on direct review."  *Gray v. Pearson*, 526 F. App'x 331, 333 (4th Cir. 2013) (discussing *Trevino,* 133 S.Ct. at 1914–15).

[3] For example, Petitioner has not demonstrated in his instant briefing that his two state post-conviction counsel were, in fact, ineffective in failing to raise the claims he seeks to bring in Ground 2 subparts (D) through (H). Petitioner simply makes conclusory assertions that his post-conviction counsel were ineffective in failing to bring these arguments, and that "this aspect of the ineffective assistance of trial and appellate counsel claim is a substantial one." (ECF 11 at 5).

In Ground Four of his Petition, Petitioner argues, as pertinent here,[4] that "the state courts violated the constitutional prohibition against cruel and unusual punishment as secured by the Eighth Amendment to the Constitution of the U.S.A. when the prosecuting attorney failed to prove all elements of robbery in the first degree or burglary." (ECF 2 at 11.)  The PF&R proposes that the Court find such claim to be unexhausted because Petitioner's Amended Petition filed in the Circuit Court of Kanawha County by petitioner's court-appointed post-conviction counsel did not raise any claims that could be construed as invoking the Eighth Amendment's cruel and unusual punishment clause. (ECF 15 at 19.)

Petitioner claims, as he did before the magistrate judge, that he "adequately apprised the SCAWV of the substance, facts, and the legal theory" of this Eighth Amendment claim in a previously filed pro se petition, which petition was never ruled on by the WVSCA but rather remanded to the Circuit Court and thereafter amended after post-conviction counsel was appointed to Petitioner.

The Court first observes that, notwithstanding his suggestion, Petitioner does not appear to have actually raised an Eighth Amendment claim at all in the pro se petition that he references. (ECF 9-7.)  This petition makes due process arguments under the Fourteenth Amendment, but it does not appear to mention either the Eighth Amendment, cruel and unusual punishment, or "proportionate sentences," nor does it appear to cite any pertinent authority in support of a claim under the Eighth Amendment. (ECF 9-7.)

Petitioner appears to acknowledge this failure, but avers that if a sentence violates due process it should also violate "the guarantee of a proportionate sentence secured by the Eighth

---

[4] Petitioner also raised a due process challenge under the Fifth and Fourteenth Amendments to the U.S. Constitution but the parties appear to be in agreement that this due process claim is exhausted, and Petitioner has not raised any objection with respect to that claim.  (ECF 15 at 18.)

Amendment."   Therefore, Petitioner appears to contend, because he presented due process arguments to the state courts, he implicitly also presented an Eighth Amendment argument. (ECF 16 at 4.)   The Court rejects such a wide-ranging and conclusory proposition.   Petitioner cites no authority in support of such an outcome, nor has the Court identified any directly applicable authority.   Indeed, such a conclusion would appear to be squarely at odds with the weight of applicable authority that holds that the grounds relied upon for relief must be presented face-up and squarely to the state courts and the federal question must be plainly defined in order for such a claim to be exhausted.

Petitioner's objection, however, also fails for another reason.   As the magistrate judge noted, the prior pro se petition to which Petitioner directs the Court was ultimately remanded by the WVSCA without any adjudication.   (ECF 15 at 19.)   Only thereafter, when Petitioner was appointed post-conviction counsel who filed an Amended Petition, were Petitioner's claims presented to and ruled on by both the Circuit Court and the WVSCA.   (ECF 9-9, 9-10, 9-11, 9-12, 9-13.)

Accordingly, the Court **OVERRULES** Petitioner's objection and **ADOPTS** the finding and recommendation of the PF&R as to the Eighth Amendment claim in Ground Four.

*4. Ground Five*

Next, Petitioner objects to the PF&R's conclusion that he failed to exhaust state remedies with respect to the argument contained in Ground Five.   (ECF 15 at 20−21; ECF 16 at 6−8.)

In Ground Five, Petitioner contends that his due process rights as secured by the Fifth and Fourteenth Amendments were violated when the circuit court denied his motion for acquittal at the conclusion of the State's case in chief.   (ECF 2 at 12.)   The PF&R proposes that the Court find that Ground Five was only raised in the state court proceedings as matters of trial court

error, and not as violations of specific federal rights such as a denial of due process.  (ECF 15 at 20−21.)

Petitioner's objection is difficult to discern and principally composed of reciting legal standards related to evaluating motions for a judgment of acquittal.  (ECF 16 at 7.)  It appears that Petitioner may be arguing that the standards governing a motion for a judgment of acquittal are either rooted in or intrinsically related to federal due process, and that a wrongful denial of such motion is per se a violation of the due process guarantees of the Fifth and Fourteenth Amendments.  (*Id.*)  Indeed, based on the facts Petitioner provides in his petition in support of Ground Five, it appears that this Ground is an argument that a violation of due process under the Fifth and Fourteenth Amendments occurred because the circuit court erred in denying his motion for a judgment of acquittal where insufficient evidence supported his conviction.  (ECF 2 at 12−14.)  The question thus becomes whether Petitioner in fact presented such a due process argument to the state courts.

The Fourth Circuit has held that "[a]ny challenge to the sufficiency of the evidence to convict in a state prosecution is necessarily a due process challenge to the conviction."  *West v. Wright,* 931 F.2d 262, 266 (4th Cir. 1991), *overruled on other grounds*, 505 U.S. 277 (1979); *see also Jackson v. Virginia*, 443 U.S. 307, 322 (1979) ("A challenge to a state conviction brought on the ground that the evidence cannot fairly be deemed sufficient to have established guilt beyond a reasonable doubt states a federal constitutional claim."); *King v. N. Carolina*, 5:11-HC-2124-BO, 2012 WL 3957681, at *6 (E.D.N.C. Sept. 10, 2012) *appeal dismissed*, 507 F. App'x 323 (4th Cir. 2013) (observing that in the habeas context any claim of insufficient evidence is necessarily a federal due process claim); *Green-El v. Morgan*, CIV.A. AW-08-700, 2010 WL 1980145, at *15 (D. Md. May 12, 2010) (same); *Long v. Warden, NCC*, 7:05CV00533, 2006 WL

167904, at *7 (W.D. Va. Jan. 23, 2006) (noting that "trial counsel was not required to label his objections to the sufficiency of the evidence in constitutional terms in order to preserve the issue for federal habeas review"); *Newman v. Washington*, 7:05CV00311, 2005 WL 2777282, at *2 and n.2 (W.D. Va. Oct. 25, 2005) (noting that "the fact that [the habeas petitioner] did not phrase his challenge [to the sufficiency of the evidence supporting his convictions] in state court in specific constitutional terms is of no consequence").

In his direct appeal, Petitioner challenged the circuit court's denial of his motion for acquittal on several grounds, including, as relevant here, that there was an "absence of any substantial evidence upon which the jury might justifiably find the Petitioner guilty beyond a reasonable doubt" and that, therefore, "it was error for the [circuit court] to deny Petitioner's motion for acquittal."  (ECF 9-4 at 27−31, 36−37.)  Petitioner raised many specific alleged evidentiary failings throughout his direct appeal brief (ECF 9-4 at 22−33) and also developed an argument that the state "failed to establish the lements [sic] of aggravated robbery and burglary as the predicate offenses necessary for the felony murder conviction." (ECF 9-4 at 21.)

Respondents did not reply to Petitioner's objection, but asserted in their motion to dismiss that although Petitioner "did challenge the trial court's denial of the defense's motion for acquittal on several grounds in the [sic] his direct appeal (grounds two, three and four), the issue was argued purely on state law grounds within the context of a trial court rulings [sic]." (ECF 10 at 13.)  Although the Court agrees that Petitioner did not squarely advance his sufficiency argument in specific constitutional terms, the "constitutional substance" of that claim is nonetheless evident.  *Wright*, 931 F.2d at 266 ("The fact that [petitioner] did not couch his objections and challenges in state court in specific constitutional terms is of no consequence; it is

not necessary to cite "book and verse on the federal constitution" so long as the constitutional substance of the claim is evident.").

In light of the foregoing, the Court concludes that Petitioner adequately alerted the state courts in his direct appeal that he was raising a due process federal constitutional claim by challenging the sufficiency of the evidence. Accordingly, the Court **SUSTAINS** Petitioner's objection with respect to the PF&R's finding and recommendation as to Ground Five.

  5.  *Ground Six*

Next, Petitioner objects to the PF&R's conclusion that he failed to exhaust state remedies with respect to the argument contained in Ground Six. (ECF 15 at 20-21; ECF 16 at 6−8.)

In Ground Six, Petitioner argues that his right to a fair and impartial trial as secured by the Fifth, Sixth, Eighth and Fourteenth Amendments was violated by the admission at trial of "prejudicial and gruesome" photographs of the victim. (ECF 2 at 14.) The PF&R proposes that the Court find that Ground Six was only raised in the state court proceedings as matters of trial court error, and not as a violation of specific federal rights such as the denial of a fair trial. (ECF 15 at 20−21.)

Petitioner's objection appears to be that these constitutional claims were in fact exhausted because they were raised in his direct appeal. As such, the question becomes whether Petitioner actually presented the same argument to the state courts as he seeks to raise now.

Petitioner's argument in his direct appeal exclusively concerned the circuit court's evidentiary ruling on the admissibility of the photographs pursuant to Rules 401, 402, and 403 of the West Virginia Rules of Evidence. (ECF 9-4 at 34−35.) Petitioner did not allege that the

circuit court erred in refusing to exclude the two gruesome photographs because its decision denied him any rights provided for by the Fifth, Sixth, Eight and Fourteenth Amendments.[5]

The Supreme Court has held that "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court. *Duncan v. Henry*, 513 U.S. 364, 366 (1995). In *Duncan*, the Petitioner objected at trial to certain testimony based on a state evidentiary rule, and on direct appeal he pursued this evidentiary objection by requesting that the appellate court find that the error was a "miscarriage of justice" under the state constitution. *Id.* at 364. The Supreme Court rejected his assertion in his federal habeas petition that such evidentiary error amounted to a denial of due process under the United States Constitution, explaining that he did not apprise the state court that his claim was that the evidentiary ruling was not only a violation of state law, but also denied him due process as guaranteed by the Fourteenth Amendment. *Id.* at 365−66.

Here, *Duncan* directly forecloses Petitioner's claim with respect to Fourteenth Amendment. The Court further finds that the reasoning in *Duncan* similarly extends to Petitioner's claims under the Fifth, Sixth, and Eighth Amendments as well. Petitioner simply did not alert the state courts that there was an alleged federal nature to his claim regarding the circuit court's evidentiary ruling.

Accordingly, the Court **OVERRULES** Petitioner's objection and **ADOPTS** the finding and recommendation of the PF&R as to Ground Six.

---

[5] The Court observes that W. Va. R. Evid. 402 provides that "[a]ll relevant evidence is admissible, *except as otherwise provided by the Constitution of the United States*, by the Constitution of the State of West Virginia, *by these rules*, or by other rules adopted by the Supreme Court of Appeals." (Emphasis added.) Petitioner's argument in his direct appeal, however, did not address relevance under the U.S. Constitution. Rather, it appears to have been exclusively concerned with the relevance of the evidence as balanced against the factors provided for in Rule 403 and those West Virginia cases describing the application of the balancing test provided for in Rule 403. *See State v. Lopez*, 476 S.E.2d 227 (W.Va. 1996); *State v. Derr*, 451 S.E.2d 731 (W. Va. 1994).

### 6.  Grounds Raised in Motion to Expand the Record

Last, Petitioner objects to the PF&R's recommendation that the Court deny his motion to expand the record, which motion seeks to add additional unexhausted claims of ineffective assistance of postconviction counsel that are currently pending before the WVSCA.  (ECF 15 at 23.)

Petitioner does not appear to dispute that the claims he seeks to add are still pending in the WVSCA.  Rather, he appears to argue that he has exhausted his state remedies with respect to these new claims because he "adequately presented his claims to the [WVSCA] before seeking relief from the federal courts" by filing a petition and petition of appeal.  Petitioner notes that at the time he filed his objection the issue has been pending for four months in the WVSCA.

The Court rejects Petitioner's contention.  His claims were first presented to the West Virginia state courts only recently and the appeal of his petition is still pending in the WVSCA. Indeed, these claims were filed nearly a month *after* Petitioner filed his federal petition.  (ECF 2 at 1 (May 17, 2013); ECF 9-15 at 4 (June 13, 2013).)  As the magistrate judge observed, such claims are clearly currently unexhausted, but, once exhausted, may be included in a subsequent federal petition that is timely filed.  Moreover, contrary to Petitioner's contention, the fact that a petition for appeal has been pending for a matter of months does not mean that the claim is exhausted, that exhaustion is futile, or that there are no available state court remedies.  *See, e.g.*, *Shelton v. Heard*, 696 F.2d 1127, 1128−29 (5th Cir. 1983) (explaining that "exhaustion is not required when the state procedures do not afford swift vindication" and collecting cases in which a delay of one year or more in the consideration of a state habeas corpus petition was sufficient to waive the exhaustion requirement) (citation omitted); *Puryear v. Giles*, 5:12-CV-2994-KOB-JEO, 2012 WL 6963924, at *2 (N.D. Ala. Dec. 3, 2012) *report and recommendation adopted,*

5:12-CV-02994-KOB, 2013 WL 360412 (N.D. Ala. Jan. 25, 2013) (collecting cases and observing that "a federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief," but finding such standard was not satisfied where petition had been pending in state court for less than a year) (citations omitted); *see also Sims v. Snedeker*, 167 F. App'x 47, 48 (10th Cir. 2006) (unpublished) (explaining that a state prisoner may be able to demonstrate that a state court's failure to rule on his habeas petition constitutes an "absence of available State corrective process" or creates circumstances that render such process "ineffective to protect [his] rights" under 28 U.S.C. § 2254(b)(1)(B) when a "state habeas petition [is] languishing as a result of inordinate, excessive and inexcusable delay," but rejecting petitioner's contention where his petition had been before the state courts for only five and a half months at the time the district court dismissed his federal petition) (citations omitted).

Accordingly, the Court **OVERRULES** Petitioner's objections with respect to the PF&R's recommendation that his motion to expand be denied.

## B. Severance

In his reply brief before the magistrate judge, Petitioner requested that he be permitted to sever his unexhausted claims and seek adjudication only on the exhausted claims. (ECF 11 at 15.) The PF&R notified Petitioner that by doing so he risked giving up the right to ever pursue federal habeas relief on the unexhausted claims. The PF&R further advised Petitioner that if he nonetheless wished to sever his unexhausted claims and pursue relief only on the exhausted claims identified by the magistrate judge, he should advise the Court in writing during the period in which he could object to the PF&R. (ECF 15 at 27.) Petitioner's objections do not state such a request, nor has Petitioner filed any separate motion to so proceed.

14

Accordingly, the Court **FINDS** that Petitioner does not seek to sever his unexhausted claims and pursue relief only on his exhausted claims.

C. *Motion for Partial Summary Judgment on Ground One*

Petitioner's objection with respect to PF&R's recommendation that his motion for partial summary judgment be denied is, in full: "[T]here is no further state remedy available to petitioner as to this claim for relief and it would not violate state-federal comity to rule on this Motion."

In his partial motion for summary judgment, Petitioner requests that the Court rule on Ground One, which ground the parties appear to agree is exhausted. (ECF 12 at 2.) The PF&R recommends that the Court find that petitioner's motion is premature and should be denied without prejudice in light of the proposed finding that certain other claims raised in Petitioner's petition are unexhausted.

Having reviewed Petitioner's objection, the Court agrees with the magistrate judge that it is premature in light of the conclusion that Petitioner has brought a mixed petition of exhausted and unexhausted claims. Moreover, as noted above, Petitioner has not clearly indicated that he wants to sever Grounds One and Three and seek adjudication only with respect to those exhausted claims.

Accordingly, the Court **OVERRULES** Petitioner's objection with respect to the PF&R's recommendation that the Court deny without prejudice as premature his motion for partial summary judgment.

D. *Stay and Abeyance*

Finally, Petitioner objects to the PF&R's recommendation that the Court deny Petitioner's request that this Court hold his federal petition in abeyance pending exhaustion of

his state court remedies concerning his unexhausted claims.  (ECF 16 at 11−12; ECF 15 at 23−25.)  The PF&R concludes that Petitioner has 54 days remaining under the applicable one-year statute of limitations provided for in section 28 U.S.C. § 2244(d)(2), and that this statute of limitations is presently tolled by Petitioner's pending state habeas petition and appeal.  (ECF 15 at 25.)  Accordingly, the PF&R concludes, a stay and abeyance is not warranted because Petitioner has sufficient time to file a new petition after the exhaustion of his state court remedies.  (*Id.*)

    1.  *Whether the Statue of Limitations is Currently Tolled*

    With respect to tolling the statute of limitations for filing a federal habeas petition:

> The statute of limitations in AEDPA, under § 2244(d)(2), provides that the one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  "[U]nder § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review), is tolled from the limitations period for federal habeas corpus petitioners . . ." *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999).  *Markley v. Coleman*, 215 W.Va. 729, 733, 601 S.E.2d 49 (2004) permits a second habeas petition to address a claim for ineffective assistance of prior habeas counsel.  The Fourth Circuit has held that all proceedings properly filed under W. Va. Code § 53–4A–1, *et seq.*, West Virginia's Post–Conviction Habeas Corpus Rules, are considered "collateral review" for purposes of tolling the one-year limitation. *See Walkowiak v. Haines*, 272 F.3d 234, 238 (4th Cir. 2001).  Therefore, [a] second state habeas proceeding tolls the one-year limitation, if the state proceeding was properly filed.

*McNemar v. Plumley*, 2:13-CV-27, 2013 WL 1962315, at *2 (N.D. W. Va. May 10, 2013).

    "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be

lodged, and the requisite filing fee." *Artuz v. Bennett,* 531 U.S. 4, 8 (2000) (citations omitted); *see also Escalante v. Watson*, 488 F. App'x 694, 697 (4th Cir. 2012) *cert. denied,* 133 S. Ct. 951, (2013) (discussing standards).

Additionally, a petition that is rejected by a state court as untimely is not properly filed within the meaning of section 2244(d)(2).  *See Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005); *accord Allen v. Siebert*, 552 U.S. 3, 5-6 (2007).  As this Court has previously observed, however, "[i]n West Virginia, timeliness of a state habeas petition is not a concern because '[a] petition for a writ of habeas corpus . . . may be filed at any time after the conviction and sentence in the criminal proceedings have been rendered and imposed and the time for the taking of an appeal ... has expired or ... exhausted.'  *Harper v. Ballard*, CIV.A. 3:12-00653, 2013 WL 285412, at *7 (S.D.W. Va. Jan. 24, 2013) *appeal dismissed,* 523 F. App'x 228 (4th Cir. 2013) (citing W. Va. Code § 53–4A–1(e)).

Here, Petitioner appears to object to the PF&R's calculation regarding the time remaining for him to timely file a federal habeas petition and the PF&R's conclusion that the period in which to do so is currently tolled during the pendency of his pending state habeas appeal. Petitioner, however, offers absolutely no argument or evidence as to *why* the decision reached by the magistrate judge was in error beyond a conclusory assertion that he "specifically objects to this finding . . . ." (ECF 16 at 12.)  Such conclusory assertions do little to alert the Court to the actual substance of an objection, let alone to direct the Court to the actual error alleged.

Nonetheless, a review of the magistrate judge's findings indicates that his calculation with respect to the periods of time during which the statute of limitations was tolled appears to be correct.  Moreover, because Petitioner's pending state court petition alleges ineffective assistance of post-conviction counsel, and because there is no indication in the record that such

petition and subsequent appeal were not properly filed within the meaning of section 2244(d)(2), (and, indeed, neither Petitioner nor Respondent makes any such assertion), the magistrate judge's conclusion that the statute of limitations is tolled appears to be correct based on the available record. *See, e.g.*, *McNemar*, 2013 WL 1962315, at *2 (explaining that petitioner's second state habeas petition if properly filed tolls the statute of limitations under section 2244(d)(2)); *Kearns v. Hoke*, 1:09-cv-156, 2010 WL 3120045, at *4 (N.D. W. Va. Aug. 5, 2010) (finding that a second state habeas petition claiming that prior habeas counsel was ineffective tolled the statute of limitations period under section 2244(d)).

### 2. *Whether a Stay and Abeyance is Warranted*

The Supreme Court has held that a district court may, under certain limited circumstances, stay a petition and hold it in abeyance while a petitioner exhausts his state remedies. *Rhines v. Weber*, 544 U.S. 269, 275−77 (2005). A stay with respect to a mixed petition is only appropriate, however, when the district court determines that "[1] the petitioner had good cause for his failure to exhaust, [2] his unexhausted claims are potentially meritorious, and [3] there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. Additionally, the Supreme Court has contemplated that a prisoner seeking state postconviction relief who fears litigating in state court for years only to find out at the end that his petition was never "properly filed" (and thus his federal petition is time barred), might avoid such a predicament by "filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). A petitioner, however, must demonstrate "reasonable confusion" about whether a state filing would be timely in order to constitute "good cause" under *Rhines*. *Id.*

Petitioner's objections to the magistrate's recommendation regarding whether a stay and abeyance is warranted here are simply too conclusory for the Court to completely consider. Petitioner offers no argument as to why a stay and abeyance is appropriate, but rather recites certain applicable legal standards and "ask[s] that this Court find that the unexhausted claims are not plainly meritless and that petitioner has diligently pursued the available remedies in state and federal court . . . ."  (ECF 16 at 12−13.)   Petitioner has not argued or even implicitly demonstrated that good cause exists for granting a stay and abeyance.

Accordingly, the Court **OVERRULES** Petitioner's objection with respect to this portion of the PF&R.

The Court observes, however, that Petitioner asserts in his Petition for Appeal to the WVSCA (which document was filed on the docket as an exhibit to his objections) that on July 29, 2013, the Circuit Court of Kanawha County, "summarily denied the petition without appointing counsel, affording petitioner an evidentiary hearing, or making the requisite finding of facts, and conclusion of law" and "dismissed the petition without prejudice."  (ECF 16-2 at 7.) The Circuit Court's decision is not part of the record, and although every indication in the record is that this second petition was adjudicated and not dismissed for not being "properly filed," the Court cannot definitively conclude that this is the case, nor can the Court clearly conclude that the appeal of that denial, which is currently pending, was properly filed so as to toll the statute of limitations.  *See, e.g.*, *Escalante v. Watson*, 488 F. App'x 694, 697 (4th Cir. 2012) *cert. denied*, 133 S. Ct. 951 (2013) ("[J]ust because [an] application is pending, does not mean that it was properly filed.  For example, if an application is erroneously accepted by the clerk without the requisite filing fee, it will be pending, but not properly filed.") (citation omitted); *Harper*, 2013 WL 285412, at *7 n.5 (noting that amended petitions appeared to have been deemed as timely by

19

the state circuit court where the court ordered respondent to file a response to the petition); *Adams v. McBride*, 3:06-cv-0382, 2009 WL 3187209, at *1 (S.D. W. Va. Sept. 30, 2009) (magistrate judge order granting stay and holding petitioner's federal habeas petition in abeyance where it seemed clear that dismissal would undoubtedly result in petitioner's inability to timely seek federal habeas relief).

Accordingly, the Court will entertain a motion for reconsideration from Petitioner with respect to whether a stay and abeyance is appropriate based on the issue of whether his second state habeas petition was dismissed for not being properly filed, and, therefore, did not toll the statute of limitations under 2244(d)(2), or that he has reasonable confusion such as to constitute good cause about whether his petition for appeal to the WVSCA will be timely or otherwise properly filed. Such motion may not exceed seven (7) pages, may include *relevant* exhibits, and must be filed with the Court no fewer than 28 days of the date of this Order.

## IV.   CONCLUSION

For these reasons, the Court **ADOPTS IN PART** the PF&R to the extent that it is consistent with this Opinion, **OVERRULES IN PART** Petitioner's Objections, **GRANTS** Respondent's motion to dismiss for failure to exhaust state court remedies [ECF 9], **DENIES WITHOUT PREJUDICE** Petitioner's motion for partial summary judgment [ECF 12], **DENIES** Petitioner's motion to expand the record [ECF 6], **DENIES** Petitioner's request to hold this matter in abeyance, subject to the above-described motion for reconsideration, and **FINDS** that Petitioner has abandoned his request to sever his exhausted claims and proceed solely on those claims. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Petitioner's section 2254 petition pending exhaustion of Petitioner's state court remedies.

The Court has also considered whether to grant a certificate of appealability. *See* 28

U.S.C. § 2253(c).  A certificate will be granted only if there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336−38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683−83 (4th Cir. 2001).  The Court concludes that the governing standard is not satisfied in this instance.  Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2254, Petitioner may not appeal the Court's denial of a certificate of appealability, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  The Court thus **DENIES** a certificate of appealability.

      **IT IS SO ORDERED.**

      The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                    ENTER:      March 31, 2014

                    _____

                    THOMAS E. JOHNSTON
                    UNITED STATES DISTRICT JUDGE